# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2022

Lyle W. Cayce
Clerk

No. 21-10777
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FELIPE MATA-BENAVIDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:20-CR-131-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Felipe Mata-Benavidez appeals his conviction of production of child pornography under 18 U.S.C. § 2251(a). He maintains that the district court abused its discretion by admitting testimonial evidence regarding an uncharged sexual assault he committed against the same victim involved in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

the crime of conviction. He contends that the testimonial evidence regarding that uncharged offense was cumulative of the information contained in his confession made during a police interview.

In a pretrial conference, the district court determined that the challenged evidence was admissible under Federal Rules of Evidence 403 and 414(a). We review that ruling "with an especially high level of deference to the district court, with reversal called for only rarely and only when there has been a clear abuse of discretion." *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008) (internal quotation marks and citation omitted). Because the underlying bases for the Rule 403 determination are supported by the relevant law and the record, Mata-Benavidez has failed to show a clear abuse of discretion.

For the first time on appeal, Mata-Benavidez avers that § 2251(a) is unconstitutional as applied to him because it exceeds Congress's authority under the Commerce Clause. He correctly concedes that this argument is foreclosed by *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011), and he raises it solely to preserve the issue for potential further review.

The judgment is AFFIRMED.